83,695-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 14 2015

Abel Acosta, Clerk

CAUSE NO. WR-83,695-01

NICHOLAS G. HEINTZ

vs.

STATE OF TEXAS

IN THE TEXAS COURT

OF CRIMINAL APPEALS

## SUPPLEMENT TO APPLICATION

## FOR EXTRAORDINARY WRIT

## OF HABEAS CORPUS

COMES NOW, Nicholas G. Heintz, the

Applicant in the above-captioned cause,

who, without assistance of counsel, respectfully

moves this Honorable Court to include the

Following information in determining the Habeas Application before it.

In response to Applicant's 21 July 2015 "Renewed Motion For Hearing", Smith County, 7th Judicial District Court, set a hearing on the initial Habeas Application, Cause No. 15-0959-A, for 17 August 2015. See. 28 July 2015 "ORDER SETTING HEARING", attached hereto as Exhibit "A." However, said "hearing" was vacated in the same manner as the 12 June 2015 hearing was vacated —

2

the District Court is still of the opinion it lacks jurisdiction over the claims raised in the Habeas Application.

Nonetheless, the District Court is continuing to allow the State to proceed with _"its" prosecution_ of the criminal accusation. On 17 August 2015, the Court gave the State twenty (20) days to "file something."

Applicant Filed a "Motion To Dismiss Criminal Accusation", pursuant to Articles 32.01 and 28.061 of Texas Code of Criminal Procedure,

with the 7th Judicial District Court of Smith County on 29 June 2015. See date-stamped copy of 29 June 2015, Motion To Dismiss Criminal Accusation, attached hereto as Exhibit "B." To date, however, said motion has not, to Applicant's knowledge, been set for hearing.

Close to one (1) year has now elapsed since the 2 October 2014 criminal accusation was filed against Applicant in Smith County, with Applicant all the while

4

languishing illegally restrained in his liberty, with the case not having been presented to the Grand Jury for determination.

WHEREFORE, Applicant prays this Court will soon dismiss the groundless criminal accusation and find that Applicant is not required to register as a sex offender in Texas.

DATED this 10th day of September, 2015.

Nicholas G. Heintz,
Applicant.

5

Nicholas G. Heintz, Applicant
Without Assistance of Counsel
22544 Hickory Lane
Mineola, Texas 75773
(903) 638-4383

## AFFIDAVIT

I, Nicholas G. Heintz, being first duly sworn, depose and state as follows: "I have read the foregoing Supplement To Application For Extraordinary Writ Of Habeas Corpus and swear that the allegations of fact contained therein are true and correct, according to my belief."

DATED this 10th day of September, 2015

*[signature]* Nicholas G. Heintz

SUBSCRIBED AND SWORN to before me this 10 day of September, 2015, by Nicholas G. Heintz.



ROBERT C. BROWN
Notary Public, State of Texas
My Commission Expires
October 04, 2017

*[signature]* Robert C Brown
Notary Public

6

## CERTIFICATE OF SERVICE

On this 10th day of September, 2015, the undersigned caused to be mailed via the U.S. Postal Service, a true and correct copy of the foregoing Supplement To Application For Extraordinary Writ Of Habeas Corpus to Mr. Ken Paxton, Texas Attorney General, Office of Attorney General, Post Office Box 12548, Austin, Texas 78711-2458.

Nicholas J. Hein

7

EXHIBIT "A"

CAUSE NO. 15-0959-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 7TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| NICHOLAS G. HEINTZ | § | SMITH COUNTY, TEXAS |

# <u>ORDER SETTING HEARING</u>

IT IS ORDERED that the above-styled and numbered cases are **SET** for hearing on:

**Application for Extraordinary Writ of Habeas Corpus**

for **Monday, August 17, 2015** at **3:00 o'clock p.m.** in the 7th Judicial District Courtroom located

on the second floor of the Smith County Courthouse in Tyler, Texas.

IT IS SO ORDERED.

SIGNED this __28th__ day of July, 2015.

_____
HONORABLE KERRY L. RUSSELL
Judge Presiding

cc:  State

Nicholas Heitz
22544 Hickory Lane
Mineola, TX 75773

EXHIBIT "B"

FILED
LOIS ROGERS
DISTRICT CLERK

2015 JUN 29 AM 9: 18

SMITH COUNTY, TEXAS
BY_____
DEPUTY

CAUSE NO. UNINDICTED

STATE OF TEXAS

Vs.

NICHOLAS G. HEINTZ

IN THE 7th JUDICIAL

DISTRICT COURT OF

SMITH COUNTY, TEXAS

## MOTION TO DISMISS
## CRIMINAL ACCUSATION

COMES NOW, Nicholas G. Heintz (hereinafter "Mr. Heintz"), the defendant in the above-captioned cause, who, pursuant to Articles 32.01 and 28.061 of Texas Code of Criminal Procedure, respectfully moves this Honorable Court to dismiss the criminal accusation lodged against him.

Art. 32.01. Defendant In Custody And No Indictment Presented.

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

Mr. Heintz was initially "detained in custody" and subsequently "held to bail", without an indictment, for his appearance to answer the criminal accusation against him, since 2 October 2014, 271 days (at conclusion of June, 2015). Moreover, it is his understanding that the "next term of the court" which was held after Mr. Heintz's "commitment or admission to bail" concluded on 30 June 2015.

Art. 28.061. Discharge For Delay.

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction...

A lawful indictment in the criminal prosecution of Mr. Heintz is unattainable. This fact is the reason behind the lengthy, Constitutionally excessive (271 days) delay. The failure to provide Mr. Heintz with his Constitutional Right to a "speedy trial", and "to have his guilt or innocence determined soley on the basis of the evidence introduced at trial" (Taylor v. Kentucky, 436 U.S. 478, 98 S.Ct. 1930, 56 L. Ed 2d 468, 1978. (Id., at 469) (emphasis added)), can be attributed to the following irreparable jurisdictional "missteps" which occurred at the outset of the case against Mr. Heintz:

2

1) the charged accusation of failure to register as a sex offender is groundless. Upon his arrival to the state in 2012, Austin DPS made a definitive, legally binding determination that Mr. Heintz was not required to register in Texas. See. Exhibit "K" of Mr. Heintz's Application for Extraordinary Writ of Habeas Corpus.

2) With a release date in Utah of 23 November 1999, the registration requirement under Utah Court Case No. 831916801, for the "reportable conviction" named in the Smith County Arrest Warrant, statutorily expired on 23 November 2009. See. Exhibits "A" and "M" of Mr. Heintz's Application for Extraordinary Writ of Habeas Corpus. See. also, Utah Code of Criminal Procedure, Sec. 77-27-21.5 (9) (a) and Texas Code of Criminal Procedure, Chapter 62, Art. 62.052. "The duty to register for an extrajurisdictional registrant expires on the date the person's duty to register would expire under the laws of the other state..."

3) notwithstanding the fact a) that the registration requirement for the "reportable conviction" charged had long since expired; b) that DPS in Austin had found no legal duty of Mr. Heintz to register; and, c) that Mr. Heintz has a legal Right to a presumption of innocence under the U S Constitution and under Texas Code of Criminal Procedure, Title 1, Chapter 38, Art. 38.03 and Art. 11.43:

3

Art. 38.03. Presumption Of Innocence.

All persons are presumed to be innocent and no person may be
convicted of an offense unless each element of the offense is
proved beyond a reasonable doubt.

Art. 11.43. No presumption of guilt arises from the mere fact
that a criminal accusation has been made before a competent
authority.

However, twelve (12) days following his arrest and confinement, for
allegedly having failed to register as a sex offender, the Sex Offender
Registration Unit of Smith County Sheriff's Office, without jurisdiction
("reportable conviction" registration requirement expired), on 14 Oct. 2014,
went ahead and registered Mr. Heintz --- without an indictment, without a
trial and without a conviction.  See. Exhibit "H" of Application for
Extraordinary Writ of Habeas Corpus (third to last page).

WHEREFORE, defendant Heintz respectfully requests that the Court
grant this motion to dismiss for lack of prosecution and reverse the
wrongful, illegal requirement of sex offender registration in Texas.

DATED this 29th day of June, 2015.

Nicholas G. Heintz,
Defendant.

4

Nicholas G. Heintz, Defendant
Without Assistance of Counsel
22544 Hickory Lane
Mineola, Texas  75773
(903) 638-4383

## AFFIDAVIT

I, Nicholas G. Heintz, being first duly sworn, depose and state as follows;  "I have read the foregoing Motion To Dismiss Criminal Accusation and swear that the allegations of fact contained therein are true and correct, according to my belief."

DATED this _29th_ day of June, 2015.

SUBSCRIBED AND SWORN TO before me this _29th_ day of June, 2015, by Nicholas G. Heintz.

LUIS MORALES
Notary Public, State of Texas
My Commission Expires
October 19, 2017

Notary Public

## CERTIFICATE OF SERVICE

On this _29th_ day of June, 2015, the undersigned hand-delivered a true and exact copy of the foregoing Motion To Dismiss Criminal Accusation and proposed Order to Mr. D. Matt Bingham, Smith County District Attorney, 100 North Broadway Ave., 4th Floor, Smith County Courthouse, Tyler, Texas 75702.

CAUSE NO. <u>UNINDICTED</u>

STATE OF TEXAS        *        IN THE 7th JUDICIAL
                            *
Vs.                    *        DISTRICT COURT OF
                            *
NICHOLAS G. HEINTZ        *        SMITH COUNTY, TEXAS

<u>ORDER</u>

<u>MOTION TO DISMISS</u>

<u>CRIMINAL ACCUSATION</u>

On this _____ day of July, 2015, came to be heard Defendant's
Motion To Dismiss the Criminal Accusation charged against him; to
Restore his Liberty, Unencumbered, and it appears to the Court said
motion should be GRANTED/DENIED.

IT IS THEREFORE ORDERED that the charge of Fail to Comply with Sex
Offender Registration Life/Annually be dismissed, with prejudice.

IT IS THEREFORE ORDERED that the Defendant, Nicholas G. Heintz, is
not required to register as a sex offender in Texas.


                                 _____
                                 HONORABLE KERRY L. RUSSELL
                                 Judge Presiding